## Commonwealth v. Schwartz

*J. Stroud Weber*, district attorney, for Commonwealth.

*Wisler, Pearlstine, Talone & Gerber*, for defendant.

KNIGHT, P. J., April 21, 1952. — Defendant was charged with a violation of section 414 of The Penal Code of June 24, 1939, P. L. 872, in that he sent to Officer Hugh McCann of the Cheltenham Township police force a typewritten letter containing defamatory, scurrilous and opprobrious language without appending his proper signature.

The section of The Penal Code referred to reads as follows:

"Whoever, without appending his proper signature thereto, sends or causes to be sent to another, any written or printed communication or matter, which is either libelous, defamatory, scurrilous or opprobrious, is guilty of a misdemeanor, and on conviction thereof, shall be sentenced to pay a fine not exceeding ($500.00) or undergo imprisonment for not more than one (1) year, or both".

It appears plain to us that this act is aimed at those cowardly people who send anonymous communications through the mail or by other means.

The offense has two essential elements. The communication must contain either libelous, defamatory, scurrilous or opprobrious matter, and, the sender has failed to append his proper signature thereto.

We do not have the communication before us, but it was read at the argument and there can be little doubt that its language was defamatory and opprobrious.

The letter was typewritten and appended thereto was the signature of defendant, also in typewriting. The letter also contained his address.

A signature does not have to be in the handwriting of a person to constitute a proper signature. Many letters today go out over typewritten signatures and persons who by reason of lack of education or infirmities sign by a mark.

The very purpose of the act was to punish those who sent libelous letters without disclosing their identity. This letter disclosed the identity of the sender and it is immaterial that the signature is not in his handwriting. In fact, a typewritten signature better identifies the sender of a letter than many handwritten signatures we have seen.

In our opinion the words "proper signature" in the act means that it can not be an assumed or fictitious name but the proper or true name of the sender.

The industry of counsel and our own research has failed to disclose any reported case in which the facts resembled those here present.

Other reasons are advanced in support of the motion to quash but we do not think it necessary to discuss them.

And now, April 21, 1952, the motion to quash the transcript is allowed and the transcript quashed.